IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 91-CR-158-TCK |
| | ) |
| JERRY CRAIG COLEMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has before it a pro se motion filed by the defendant Jerry Craig Coleman, styled "Motion Under Federal Rule of Civil Procedure Rule 60(b) Based on the Integrity of Evidentiary Hearing and Fraud that was Presented to the Court and Witness Intimation." (Doc. 149). In 1992, Coleman was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Doc. 43). He was sentenced to 322 months imprisonment, and ordered to pay $5,528 in restitution (Doc. 56). Coleman's conviction and sentence were affirmed on appeal (Doc. 61).

Coleman has a prolific history of collateral challenges to his conviction and sentence. Since 1992, Coleman has filed six post conviction collateral motions in the district court,[1] and seven post

---

[1] Coleman's post conviction collateral motions are as follows:
28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, 08/02/94 (Doc. 66)
28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, 10/16/96 (Doc. 102)
Leave to Brief Issue Impermissible Retroactive Effect of AEDPA, 10/25/99 (Doc. 111)
18 U.S.C. § 3582 (c)(2) to Modify Term of Imprisonment, 01/16/01 (Doc. 13)
18 U.S.C. § 3582(c)(2) to Modify Sentence, 06/01/05 (Doc. 120)
Suspend Restitution Order Based on Change in Circumstances, 09/28/07 (Doc. 131)

conviction appeals to the Tenth Circuit.[2]

In 1994, Coleman filed his first § 2255 petition claiming, among other issues, that his conviction was obtained through government's use of false testimony and ineffective assistance of counsel (Doc. 66). The motion was denied by the trial judge (Doc. 68). In reviewing his appeal, the Tenth Circuit remanded Coleman's § 2255 petition with instructions to the trial judge to enter factual findings on certain issues raised by Coleman, including his claim that his conviction was obtained through false testimony and ineffective assistance of counsel (Doc. 76). On May 14, 1996, the trial judge appointed a new attorney for Coleman, and conducted an evidentiary hearing. Coleman's claims of government's use of false testimony and ineffective assistance of counsel were addressed. See, Transcript of hearing filed on June 5, 1996. The trial judge issued a written order finding no merit to Coleman's claims (Doc. 92). The order was affirmed on appeal (Doc. 108).

On October 25, 1999, in a pleading styled "Motion for Leave to Brief Issue of Impermissibly Retroactive Effect of AEDPA Act," Coleman sought leave of Court to reassert his claims that false testimony was used to convict him at trial and ineffective assistance of his attorney. In that motion, Coleman alleged that he was unable to prove at the evidentiary hearing his allegations of false testimony because government failed to produce discovery and that his attorney acted in concert with the

---

[2] Mandates issued by the Tenth Circuit from appeals filed by Coleman in this case:
Direct appeal from conviction and sentence, Affirmed             12/17/93  (Doc. 61)
Denial of first § 2255 motion, Affirmed in part and Remanded     01/08/96  (Doc. 76)
Denial on rehearing on first § 2255 motion, Affirmed             10/03/97  (Doc. 108)
Denial of second § 2255 motion, Affirmed                         12/09/97  (Doc. 109)
Denial of application to file a successive § 2255 motion, Affirmed 05/21/98  (Doc. 110)
Denial of motion to modify sentence under § 3582, Affirmed       12/28/05  (Doc. 129)
Denial of suspension of restitution payments, Affirmed           04/25/08  (Doc. 145)

government to withhold the evidence from the Court (Doc. 111). The trial judge denied his motion by construing it as an application to file a successive § 2255 petition (Doc. 112). No appeal was filed.

The motion presently before the Court, is yet another attempt by Coleman to reopen his first § 2255 petition that was filed on August 2, 1994, reasserting claims of perjured testimony, fraud on the Court, collusion between government and his defense attorney to withhold evidence, and challenging the integrity of the evidentiary hearing of May 14, 1996, which addressed and determined the merits of his earlier § 2255 claims. In this motion, Coleman contends that the order denying habeas relief entered herein on May 22, 1996, is void under Federal Rule of Civil Procedure 60(b).

From a review of the pleading, the Court finds that this is Coleman's seventh attempt at filing a successive § 2255 petition in this Court without leave of the Tenth Circuit Court of Appeals. The Tenth Circuit has held "that a petitioner may not circumvent the restrictions on filing second or successive petitions by filing a post conviction motion pursuant to Rule 60(b)." United States v. Bovie, 28 Fed Appx. 734, 735 (10th Cir. 2001) (unpublished) and United States v. Sternberg, 5 Fed. Appx. 806, 808 (10th Cir. 2001)(unpublished)(holding that Rule 60(b)(6) motion may not circumvent the restrictions on filing a second or successive petition in a § 2255 proceeding).[3]

Accordingly, this Court is without subject matter jurisdiction to address the merits of Coleman's motion.[4] In accordance with the holding of United States v. Coleman, 106 F.3d 339, 341 (10th Cir. 1997), the Court construes Coleman's instant motion (Doc. 149) as a Motion to Vacate, Set Aside, or

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See, Fed.R.App. 32.1:10th Cir. R. 32.1.

[4] The Court notes that a final order was entered on May 22, 1996 (Doc. 92), and affirmed on appeal (Doc. 108), on the same issues raised in Coleman's instant motion. Under the doctrine of res judicata, Coleman's motion is otherwise subject to dismissal.

Correct Sentence Under § 2255, and it is hereby **ORDERED** to be **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit.

As this is Coleman's seventh attempt at filing a successive § 2255 motion in this Court without leave of the Court of Appeals, Coleman is warned that any further attempt by him to bring a collateral attack on his 1992 conviction without leave of the Court of Appeals may result in a sanction order by this Court, directing the clerk not to docket further pleadings, or such other sanctions as may be determined by the Court of Appeals. See, In re Clemmons, 279 Fed. Appx. 648, 651 (10th Cir. 2008). **SANCTION WARNING ISSUED.**

**IT IS SO ORDERED** this 4th day of December, 2008.

TERENCE KERN
United States District Judge